```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


MALIBU MEDIA, LLC            *
                             *
v.                           *     Civil Action No. WMN-14-3384
                             *
JOHN DOE                     *
                             *
                             *
                             *
                             *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM AND ORDER

Before the Court is a Third Motion for Extension of Time filed by Plaintiff Malibu Media, LLC (Malibu), ECF No. 14, asking the Court to grant an additional thirty days in which to serve the Defendant, John Doe, with summons and the complaint. The John Doe defendant is a Comcast subscriber whose IP address is allegedly attached to infringing activity that violates Malibu Media's copyrights in fifteen works. For the reasons that follow, Malibu's motion will be denied and Malibu will be allowed to show cause why this case should not be dismissed for lack of timely service.

Malibu filed this complaint on October 28, 2014, approximately 195 days before the date of filing of this Motion. At the time of filing, Malibu knew John Doe only by the Internet Protocol (IP) address of his or her computer. Plaintiff alleged that John Doe's Internet Service Provider (ISP) could identify

defendant based on the IP address.  Accordingly, Malibu filed with its complaint a "Motion to Expedite Discovery," ECF No. 3, which the Court granted on November 17, 2014.  ECF No. 6.

On February 25, 2015, Malibu filed its first motion for extension of time to serve summons and complaint.  ECF No. 7. Malibu stated that it issued the subpoena on the ISP on or about November 20, 2014, and received a response on January 7, 2015. It requested time to investigate the information provided by the ISP, with an extension until April 11, 2015.  The Court granted that motion.  ECF No. 8.

On April 12, 2015, Malibu filed its second motion for extension of time to serve summons and complaint.  ECF No. 9. Malibu requested a thirty day extension of time in which to complete and file its Amended Complaint under seal.  The Court granted that motion.  ECF No. 10.  Malibu then waited seven days to file the Amended Complaint and seek summons, filing on April 21, 2015.  ECF Nos. 11 and 12.  The Court issued sealed summons against John Doe on the same day as the Amended Complaint was filed.  ECF No. 13.

On May 11, 2015, Malibu filed its third motion for extension of time to serve summons and complaint.  ECF No. 13. Malibu seeks another extension, of 30 days, until June 11, 2015, to effect service.  Malibu provides no reason for its delay, stating simply that "[s]uch extension will allow the undersigned

sufficient time within which to serve the Defendant." ECF No. 14 ¶ 7.

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant "within 120 days after the complaint is filed." If a defendant is not served within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. If a plaintiff "has not effected service of process within 120 days" of filing the complaint, Local Rule 103.8 provides that the "Court may enter an order asking the party to show cause why the claim should not be dismissed." The same Local Rule states that "the claim shall be dismissed without prejudice" if the plaintiff "fails to show cause within" a "time set by the Court."

There is continuing ambiguity as to whether Rule 4(m) provides any latitude to the district court in granting a motion to extend time to effectuate service in the absence of good cause. The Advisory Committee Notes to Rule 4(m) provide that the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4(m) advisory committee's note. In Mendez v. Elliott, the Fourth Circuit

held, without addressing this note, that "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." 45 F.3d 75, 78 (4th Cir. 1995). The Supreme Court, however, in Henderson v. United States, in dicta, referenced the Advisory Committee Notes and observed that "courts have been accorded discretion to enlarge the 120 day period even if there is no good cause shown." 517 U.S. 654, at 662 and 658 n. 5 (1996). Most Circuits have held that a Rule 4(m) motion may be granted even in the absence of good cause.

The Fourth Circuit, however, nominally reaffirmed its commitment to Mendez. In an unreported decision, Chen v. Mayor & City Council of Baltimore, 546 F. App'x 187, 188 (4th Cir. Nov. 12, 2013) (per curiam), the Fourth Circuit affirmed the trial court's determination that it lacked discretion under Mendez to grant an extension of time absent a showing of good cause, which Plaintiff's request lacked. Chen v. Mayor & City Council of Baltimore, 292 F.R.D. 288, 294 (D. Md. 2013) ("This court joins the recent groundswell of cases affirming the import of the good cause requirement announced in Mendez.").[1] The

---

[1] In other unpublished opinions, the Fourth Circuit has assumed, without explicitly overruling Mendez, that the Court has discretion in granting a Rule 4(m) motion in the absence of good cause. See Hansan v. Fairfax Cnty. Sch. Bd., 405 F. App'x 793, 793-94 (4th Cir. 2010) ("The district court must extend the 120-day period if the plaintiff shows good cause for his failure to

4

Supreme Court granted certiorari in Chen on the question of whether a district court has discretion to extend time. 135 S. Ct. 475 (Nov. 7, 2014). The plaintiff, however, failed to timely respond to the writ, and it was subsequently dismissed. 135 S. Ct. 939 (Jan. 9, 2015). Under Mendez and Chen as it stands, the Court would deny Malibu's request, as Malibu lacks any explanation for why it has yet to effect service on John Doe.

In fact, Malibu's requests for extension of time in related actions in the District of Maryland have been found wanting under the Mendez standard. Through exhaustive and well-reasoned opinions, Judge Ellen Lipton Hollander has detailed what Malibu's past requests have lacked in substance in order to show good cause. See Malibu Media v. Doe, ELH-14-1229, 2014 WL 5843363 (D. Md. Nov. 10, 2014) and Malibu Media v. Doe, ELH-14-14-288, 2014 WL 7507259 (D. Md. Dec. 24, 2014). Thus, Malibu

---

serve the defendant. Additionally, the district court has discretion to extend the period if the plaintiff can show excusable neglect for his failure to serve."); Giacomo-Tano v. Levine, No. 98-2060, 1999 WL 976481, at *2 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."); Scruggs v. Spartanburg Reg'l Med. Ctr., No. 98-2364, 1999 WL 957698, at *2 (4th Cir. Oct. 19, 1999) ("Although this observation [in Henderson] was not a holding by the Supreme Court, we regard the Court's statement as persuasive as to the meaning of Rule 4(m). Accordingly, we believe that the district court, in its discretion, could have extended the time for proper service of process, notwithstanding its belief to the contrary.").

has been on notice that moving for more time to serve without firmly establishing good cause risks dismissal of its actions in this Court.

Even with discretion in the absence of good cause, Malibu's current request would fail.  The undersigned has long questioned the ongoing vitality of <u>Mendez</u> in light of <u>Henderson</u> and the fact that "'the Fourth Circuit stands alone in holding that Rule 4(m) does not permit a district court to grant the plaintiff a discretionary extension of time to effect service of process.'" <u>Melton v. Tyco Valves & Controls</u>, 211 F.R.D. 288, 289 (D. Md. 2002) (Nickerson, J.) (quoting <u>Hammad v. Tate Access Floors</u>, 31 F. Supp. 2d 524, 526 (D. Md. 1999) (Blake, J.)).  Allowing discretion, though, still requires some ground upon which to grant Malibu's motion.  <u>See</u> <u>Hoffman v. Baltimore Police Dep't</u>, 379 F. Supp. 2d 778, 786 (D. Md. 2005) ("[T]he Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule.").  Malibu provides no reason why this Court's previous extensions have been inadequate or why there is continuing delay when Malibu has had the information from the ISP since January and ample opportunity to file its amended complaint and take action on the summons issued in April.

The paucity of detail regarding Malibu's delay in combination with the fact that Malibu has failed to effect

service over the four months since it received John Doe's identifying information suggests to the Court that there is no grounds under which it may grant an extension under Rule 4(m). Out of an abundance of caution, however, pursuant to Local Rule 103.8, the Court will allow Malibu to show cause within fourteen days of this Order as to why this case should not be dismissed.

Accordingly, it is this 12th day of May, 2015, ORDERED that:

(1) Plaintiff Malibu Media's Third Motion for Extension of Time, ECF No. 14, is DENIED;

(2) Plaintiff is granted fourteen days from the date of this Order to SHOW CAUSE as to why this case should not be dismissed; and

(3) The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge